PETRA EGENES, as Administratrix of the Estate of BERGER
   M. O. EGENES, Deceased, Respondent, *v.* MORSE DRY
   DOCK AND REPAIR COMPANY, Appellant, Impleaded
   with Others.

*Negligence — stevedore killed by explosion on vessel caused by use of
      acetylene torch in vicinity of cargo of gasoline.*

   *Egenes* v. *Morse Dry Dock & Repair Co.*, 216 App. Div. 812, affirmed.
   (Argued November 19, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,
entered April 23, 1926, affirming a judgment in favor of
plaintiff entered upon a verdict in an action to recover
for the death of plaintiff's intestate alleged to have been
occasioned through the negligence of defendant, appellant.
Plaintiff's intestate, a stevedore, was killed by an explo-
sion on board a steamship where he was working. It
was alleged that the explosion was caused by the use of
an open flame acetylene torch by employees of defendant,
appellant, in the immediate vicinity of a large number of
cases containing gasoline in tin cans which formed a
portion of the cargo.

   *John Vernou Bouvier, Jr.,* and *Harold R. Medina* for
appellant.

   *Lester Hand Jayne* for respondent.

   Judgment affirmed, with costs; no opinion.

   Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-
LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

SOPHIE TORP, as Administratrix of the Estate of THOMAS
   TORP, Deceased, Respondent, *v.* MORSE DRY DOCK AND
   REPAIR COMPANY, Appellant, Impleaded with Others.

*Negligence — stevedore killed by explosion on vessel caused by use of
      acetylene torch in vicinity of cargo of gasoline.*

   *Torp* v. *Morse Dry Dock & Repair Co.*, 216 App. Div. 815, affirmed.
   (Argued November 19, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the second judicial department,

entered April 23, 1926, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for the death of plaintiff's intestate alleged to have been occasioned through the negligence of defendant, appellant. Plaintiff's intestate, a stevedore, was killed by an explosion on board a steamship where he was working. It was alleged that the explosion was caused by the use of an open flame acetylene torch by employees of defendant, appellant, in the immediate vicinity of a large number of cases containing gasoline in tin cans which formed a portion of the cargo.

*John Vernou Bouvier, Jr.,* and *Harold R. Medina* for appellant.

*Lester Hand Jayne* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PAUL DE LANEY, Appellant.

*Appeal — larceny — appeal to Court of Appeals from judgment of affirmance by Appellate Division, not taken within thirty days and without certificate that question of law was involved, dismissed.*

*People* v. *De Laney,* 217 App. Div. 783, appeal dismissed.
(Argued November 22, 1926; decided December 31, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered June 29, 1926, which unanimously affirmed a judgment of the Chautauqua County Court convicting the defendant of the crime of grand larceny in the first degree. The appeal was not taken within thirty days after entry of the judgment of affirmance as required by section 521 of the Code of Criminal Procedure, nor was a certificate obtained that a question of law was involved which ought to be reviewed by the Court of Appeals.

34